Daniel R. Watkins
Nevada State Bar No. 11881
dw@wl-llp.com
Michael D. DiRenzo
Nevada State Bar No. 13104
WATKINS & LETOFSKY, LLP
8935 S. Pecos Rd., Ste. 22A
Henderson, NV 89074
Office:(702) 901-7553; Fax: (702) 974-1297
Attorneys for Plaintiff, Lynn Thompson

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| LYN THOMPSON,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>TESLA MOTORS, INC; ONQGLOBAL, INC.; DOES 1-50,<br><br>　　　　Defendants. | Case No.:  3:21-cv-00238-HDM-WGC<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT, TESLA MOTORS, INC.'S, MOTION TO STAY CASE PENDING COMPLETION OF ARBITRATION** |

Plaintiff, Lynn Thompson (hereinafter "Plaintiff" or "Thompson") by and though his counsel of record Daniel Watkins, Esq., of the law firm of Watkins & Letofsky, LLP., hereby files his opposition to Defendant, Tesla Motors, Inc.'s, (hereinafter "Tesla") Motion to Stay Case Pending Completion of Arbitration (hereinafter "Motion") [ECF No. 13] filed on October 01, 2021.

///
///
///
///
///
///
///

This Opposition is based on the attached memorandum of points and authorities, all pleadings on file, and any oral argument as permitted by the Court.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

This matter arises out of the filing of a whistleblower complaint with the Occupational Safety and Health Administration ("OSHA") under the Sarbanes-Oxley Act (18 U.S.C.A. § 1514A) regarding misconduct, thefts, and violations of contracts with Nevada unions. After being retaliated against for reporting said violations Mr. Thompson filed a complaint with OSHA and ultimately filed this case.  Mr. Thompson does have a separate case for employment matters currently in arbitration related to the same time period of employment. Although there is some overlap with regards to the facts of each case, as they both stem from the same period of employment, the causes of action are entirely different, and Tesla has already conceded that the claims in this case are not arbitrable. Further, the issues raised in this action have significant public policy ramifications that would warrant proceeding with this matter in a timely manner.

**II.   STATEMENT OF THE FACTS**

Plaintiff Lynn Thompson was employed by Tesla and OnQ for work that he conducted at the Tesla Gigafactory in Sparks, Nevada, as an Electrical Superintendent.  The allegations of the complaint all stem from his time of employment from approximately March until June of 2018. During Mr. Thompson's employment he discovered among other things numerous unaddressed theft of materials and the awarding of contracts that were not in-line with Tesla's agreement with the State of Nevada.  All of these issues were brought to the attention of his supervisors, namely Gustavo Herrera, Jack Griffith, and Josh Bronitsky of Tesla, and Michael Shutt of OnQ.  After numerous attempts, no apparent rectification of any of the issues took place.  After an incident on the evening of June 6th, 2018, leading into the early morning of June 7th, 2018, which involved Mr. Thompson and other employees catching an attempted theft of copper, he was asked to not return to the Gigafactory.  Mr. Thompson subsequently filed a complaint with OSHA and ultimately filed this case.

### III. LEGAL STANDARD

Where arbitrable and non-arbitrable issues are raised in a suit, and a motion to compel is granted as to arbitrable issues, a stay must be entered with regard to those issues, but the court has discretion over whether to issue a stay with regard to remaining non-arbitrable claims. *Benson Pump Co. v S. Cent. Pool Supply,* 325 F Supp 2d 1152 (D. Nev. June 7, 2004) (citing *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1 at 21 (2003)). Courts generally proceed with the non-arbitrable claims when feasible. *Id.* (citing the concurring opinion in *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213 at 225 (1985)).

### IV. LEGAL ARGUMENT

Tesla has cited to a number of legal authorities, both published and unpublished, that all point to the Court's discretion to decide whether or not stay is appropriate. As noted above in *Benson*, much of the decision lies with whether or not decisions made in the arbitrable claims will affect the outcome of the non-arbitrable claims. *Id.* While the operative facts are the same for both cases, there is no indication that the findings of the arbitrator with regards to the specific causes of action of the arbitrable claims would constrict or restrict the court in proceeding forward with the instant claim.

Furthermore, Tesla has acknowledged that the cause of action is entirely different. As discovery is nearly at a close on the arbitrable claims, the information that is to be exchanged has occurred and any benefit of staying the instant case that may have been sought has already been received. The employment relationship of the parties is not crucial to deciding the issues in the instant action as in the arbitration. The focus of the instant case will be on the violations alleged and the damages related thereto. The purpose of staying would be to prevent undo delay in the scheduling and deadlines that arise throughout the discovery process and unnecessary confusion between the two claims, both of which would not be at issue as discovery will soon be closed on the arbitrable claims. This would not have been the case had both cases been filed together, but they were not and as such the facts prevent different circumstances and should thereby lead to a different result.

In addition, any "harm" or "hardship that would fall on Tesla or OnQ would be born equally by Mr. Thompson in having both cases proceed forward at the same time.  Tesla points to the amount of time that it took Mr. Thompson to serve Tesla as an indication of how urgent the case is to him.  However, the delay in service was at least partly related to the Tesla's dilatory response to Mr. Thompson's request to accept service.  As Tesla noted, discovery in the arbitration case is nearly closed, the arbitration is not until next year, and both parties will have to equally deal with dispositive motions and preparing for the arbitration if it goes forward.  Furthermore, as Tesla has acknowledged, much of the discovery relating to the arbitration would likewise apply to the instant case as well, which should streamline the discovery process.  There is no indication that either party would disproportionately be harmed by the motion for stay being denied and the case moving forward, but it is clear that it would help move the case toward a timelier resolution, which is warranted in a matter with significant public policy concerns.

## V. CONCLUSION

For the reasons stated above, Plaintiff Lynn Thompson hereby respectfully requests the Court deny Defendant's Motion and allow the case to move forward.

DATED this 15th day of October 2021.

WATKINS & LETOFSKY, LLP

/s/ Daniel Watkins

By: _____

Daniel R. Watkins, Esq.
Michael DiRenzo, Esq.
8935 S. Pecos, Ste. 22A
Henderson, NV 89074
Attorneys for Plaintiff, Lynn Thompson

**CERTIFICATE OF SERVICE**

Pursuant to FRCP 5(b)(2)(e), I hereby certify that on the **15TH day of October 2021**, I served the foregoing **PLAINTIFF'S OPPOSITION TO DEFENDANT, TESLA MOTORS, INC.'S, MOTION TO STAY CASE PENDING COMPLETION OF ARBITRATION** to the Clerk's Office using the CM/ECF system for filing and transmittal of a notice of electronic filing to the following CM/ECF registrants:

*SEE THE COURT'S E-FILING SERVICE LIST*

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

                                                    */s/ Farah Kachermeyer*
                                                    Farah H. Kachermeyer
                                                    An Employee of Watkins & Letofsky, LLP