JOSHUA A. SLIKER, ESQ.
Nevada Bar No. 12493
KYLE A. HOYT, ESQ.
Nevada Bar No. 14886
**JACKSON LEWIS P.C.**
300 S. 4th Street, Suite 900
Las Vegas, Nevada 89101
Telephone: (702) 921-2460
Facsimile: (702) 921-2461
Email: joshua.sliker@jacksonlewis.com
Email: kyle.hoyt@jacksonlewis.com

*Attorneys for Defendant*
*Tesla Motors, Inc.*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| LYNN THOMPSON,<br><br>            Plaintiff,<br><br>     vs.<br><br>TESLA MOTORS, INC.; ONQGLOBAL, INC.; DOES 1-50,<br><br>            Defendants. | Case No. 3:21-cv-00238-HDM-WGC<br><br>**DEFENDANT TESLA MOTORS, INC.'S REPLY IN SUPPORT OF ITS MOTION TO STAY CASE PENDING COMPLETION OF ARBITRATION** |

Defendant TESLA MOTORS, INC., by and through its counsel Jackson Lewis P.C., hereby files its Reply in support of its Motion to Stay Case Pending Completion of Arbitration pursuant to the Federal Arbitration Act, 9 U.S.C. § 3 and the Court's inherent authority. This Reply is based on the following Memorandum of Points and Authorities, all pleadings and documents on file with the Court, and any oral argument that the Court deems proper.

### **MEMORANDUM OF POINTS AND AUTHORITIES**

### I.   **INTRODUCTION**

This matter arises from Plaintiff Lynn Thompson's work as an independent contractor at Defendant Tesla Motors, Inc.'s Gigafactory in Sparks, Nevada. The bulk of Plaintiff's claims are subject to binding arbitration, which is set for hearing on January 12, 2022. In the coming ninety (90) days, the parties will be actively litigating the arbitration claims, filing dispositive and pre-hearing motions, and preparing for the arbitration hearing before Arbitrator Hon. Carl W. Hoffman

(Ret.). Defendant seeks to stay the proceedings in this matter not only to allow the parties to focus on the arbitration, but also because the arbitration proceedings are very likely to narrow the scope of issues to be litigated and decided in this case. As discussed below, Tesla's Motion should be granted.

## II.  LEGAL ARGUMENT

### A.  The Arbitrator is Likely to Make Determinations that are Intertwined with the Issues in this Case.

Plaintiff admits, as he must given the high similarity of his various complaints for relief in this and other forums, that the operative facts in the instant matter and the operative facts in the arbitration "are the same for both cases[.]" ECF No. 15, 3:13-16. Yet, perplexingly, Plaintiff also asserts that there is no reason to think the findings made in the arbitration will impact the instant case. ECF No. 15 at 3:10-16. Specifically, Plaintiff claims "[t]he employment relationship of the parties is not crucial to deciding the issues in the instant action as in the arbitration." *Id.* at 3:20-21. That is incorrect.

The *sine qua non* of a claim under the whistleblower protection provisions of Sarbanes Oxley is an employer-employee relationship. 18 U.S.C. § 1514A prohibits public companies from "discharg[ing] . . . an ***employee*** . . . because of any lawful act done by the ***employee*** . . . to provide information . . . regarding any conduct which the ***employee*** reasonably believes constitutes a violation of [federal securities law], when the information or assistance is provided to . . . a person with supervisory authority over the ***employee*** . . . ." 18 U.S.C. § 1514A(a)(1)(C) (emphasis added).

In *Lawson v. FMR LLC*, the Supreme Court considered the class of individuals that § 1514A protects. 571 U.S. 429, 134 S. Ct. 1158, 188 L. Ed. 2d 158. There, two plaintiffs brought whistleblower-retaliation claims against their former employers which were private companies that provided contracted advisory and management services to a family of mutual funds. *Id.* at 433. The mutual funds were public companies but had no employees. *Id.* The plaintiffs raised concerns related to accounting methodologies which allegedly resulted in overstating the expenses associated with operating the funds and inaccuracies in a draft for a registration statement that was to be filed with the SEC. *Id.* at 438. After one plaintiff was constructively discharged and the other was fired, each

JACKSON LEWIS P.C
LAS VEGAS

filed suit against their respective employer, alleging retaliation proscribed by § 1514A. *Id.* The private-company defendants argued that § 1514A protected only employees of a publicly traded company from retaliation by the company or the company's contractors. *Id.* at 441. In disagreeing— and deciding that § 1514A extended to the plaintiffs—the Court considered SOX's goal of preventing future fraud by public companies. *Id.* at 447.

While *Lawson* extended the class of protected employees under § 1514A to include employees of privately held contractors and subcontractors who perform work for the public company, the court made clear that SOX's whistleblower protection is limited to employees suing their employers. *See id.* at 433; 442 (finding "reason to believe Congress presumed an employer-employee relationship between the retaliator and the whistleblower."), 443 (stating that § 1514A "contemplate[s] that the whistleblower is an employee of the retaliator").

Thus, this case depends on whether Plaintiff was an "employee" of Tesla. *See Musin v. Honeywell Int'l*, No. 2:19-cv-02058-JAD-NJK, 2020 U.S. Dist. LEXIS 233194, at *6 (D. Nev. Dec. 11, 2020) (finding "[t]he plain text of the Sarbanes-Oxley Act protects "employees" from retaliation."); *Coppinger-Martin v. Solis*, 627 F.3d 745, 750 (9th Cir. 2010) (stating "an *employee's* [SOX] complaint must allege" four different elements) (emphasis added). If he wasn't, he cannot state a SOX-retaliation claim against Tesla. As such, it is in the interest of the parties and the Court to stay these proceedings pending completion of arbitration, as the issue of whether Plaintiff was an employee of Tesla is at issue in arbitration (e.g., Plaintiff's tortious discharge, and wage and hour claims) and will necessarily be decided by the arbitrator. *See Casillas v. Clark Cty. Sch. Dist.*, No. 2:12-cv-1769-RCJ-NJK, 2013 U.S. Dist. LEXIS 70503, at *17-18 (D. Nev. May 17, 2013) ("[A]n arbitration decision can have res judicata or collateral estoppel effect.") (citing *Clark v. Bear Stearns & Co., Inc.*, 966 F.2d 1318, 1321 (9th Cir. 1992)).

### B. A Stay is Appropriate to Avoid Unnecessary Harm to Defendants, Which Plaintiff Concedes.

In his Opposition, Plaintiff effectively concedes that he and the Defendants will be harmed by the burdens of litigating overlapping issues in two different forums. ECF No. 15 at 4:1-12. Plaintiff also concedes that "the operative facts are the same for both cases" (*Id.* at 3:13-16) and that

"much of the discovery relating to the arbitration would likewise apply to the instant case as well." *Id.* at 4:7-9.

Plaintiff fails to meaningfully address how he will be harmed by a temporary stay of this case, why the burdens of proceeding with discovery in this case while preparing for the arbitration hearing do not justify a temporary stay, or how judicial economy is not served by such a stay. *See* LR 7-2(d) ("The failure of the opposing party to file points and authorities in response to any motion shall constitute a consent to granting the same."). *Snow Covered Capital, LLC v. Weidner*, No. 2:19-cv-00595-JAD-NJK, 2019 U.S. Dist. LEXIS 213637, at *12 (D. Nev. Nov. 22, 2019) (holding "[t]his failure-to-oppose rule does not apply solely to failure to file a physical document, but also to failure to assert in an opposition argument that oppose those presented in the motion."); *Knickmeyer v. Nev. ex rel. Eighth Judicial Dist. Court*, 173 F. Supp. 3d 1034, 1044 (D. Nev. 2016) (failing to respond to defendant's arguments on the issue constituting consent to the granting of the motion). Instead, Plaintiff simply asserts that the stay should be denied because "it [will] help move the case toward a timelier resolution, which is warranted in a matter with significant public policy concerns." *Id.* at 4:9-12. Plaintiff does not explain how denial of a stay will "help move the case toward a timelier resolution" or what "significant public policy concerns" exist in this case.

Accordingly, Tesla's Motion to stay this case pending completion of arbitration should be granted.

**C. Tesla was not Dilatory in Accepting Service.**

Plaintiff contends the delay in serving Tesla was "at least partly related to [] Tesla's dilatory response to Mr. Thompson's request to accept service. ECF No. 15, at 4:1-5. However, this contention belies the facts and should be disregarded.

Plaintiff filed this case on May 21, 2021. Plaintiff first inquired whether Tesla would accept service on Friday, August 13, 2021. **Exhibit 8**. Tesla's counsel responded the same day that he would check with Tesla and get back to Plaintiff. *Id.* On Monday, August 16, 2021 at approximately 4:24 p.m., Plaintiff sent a waiver of service form to the undersigned counsel. **Exhibit 9**. On Tuesday, August 17, 2021 at 2:39 p.m., Plaintiff served Tesla's registered agent with the Summons and

Complaint. ECF No. 8. Tesla's undersigned counsel was out of the office from August 13, 2021 through August 22, 2021 with intermittent and limited access to email and voicemail. Tesla's consideration of Plaintiff's request to accept service over what amounts to approximately two business days is hardly the cause of or a contributing factor to Plaintiff waiting nearly three months to serve Tesla.

### III.     CONCLUSION

For the foregoing reasons, Tesla Motors, Inc. respectfully requests the Court grant its Motion and stay these proceedings pending completion of arbitration.

DATED this 22nd day of October, 2021.

JACKSON LEWIS P.C.

*/s/ Joshua A. Sliker*_____
JOSHUA A. SLIKER, ESQ.
Nevada Bar No. 12493
KYLE A. HOYT, ESQ.
Nevada Bar No. 14886
300 S. 4th Street, Ste. 900
Las Vegas, Nevada 89101

*Attorneys for Defendant*
*Tesla Motors, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that I am an employee of Jackson Lewis P.C. and that on this 22nd day of October, 2021, I caused to be served a true and correct copy of the above and foregoing **DEFENDANT TESLA MOTORS, INC.'S REPLY IN SUPPORT OF ITS MOTION TO STAY CASE PENDING COMPLETION OF ARBITRATION**, via the U.S. District Court, District of Nevada's CM/ECF electronic filing and service system, to:

Michael A. DiRenzo
WATKINS & LETOFSKY, LLP
8935 S. Pecos Road, Ste. 22A
Henderson, Nevada 89074

*Attorneys for Plaintiff*
*Lynn Thompson*

Shannon Pierce
Wade Beavers
FENNEMORE CRAIG, P.C.
7800 Rancharrah Parkway
Reno, Nevada 89511

*Attorneys for Defendant*
*OnQGlobal, Inc.*

                                                    */s/ Kelley Chandler*
                                                    Employee of Jackson Lewis P.C.

4849-4325-2223, v. 3