# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| LYNN THOMPSON,<br><br>　　　　　　Plaintiff,<br>　v.<br>TESLA MOTORS, INC., and ONQGLOBAL, INC.,<br><br>　　　　　　Defendants. | Case No. 3:21-cv-00238-HDM-WGC<br><br>**ORDER** |

Before the court is a motion to stay filed by defendant Tesla Motors, Inc. (ECF No. 13). Co-defendant OnQGlobal has joined the motion. (ECF No. 14). The plaintiff, Lynn Thompson, has opposed (ECF No. 15), and Tesla has replied (ECF No. 17).

The complaint, filed on May 21, 2021, asserts a single claim of whistleblower retaliation pursuant to the Sarbanes-Oxley Act, 18 U.S.C. § 1514A. The plaintiff's claim arises from his allegation that in 2018, when he was employed as an electrical superintendent in the Tesla Gigafactory, he was terminated after reporting the theft of copper wires from the plant. He alleges his termination also followed his reporting that Tesla had awarded non-union contracts in violation of its agreement with the State of Nevada.

In October 2019, the plaintiff filed a state-court complaint asserting several claims against Tesla and OnQGlobal. The defendants filed a motion to compel arbitration, which the state court granted. The arbitration hearing is currently set to take

place on January 12, 2022, and January 13, 2022. While the defendants concede that the claim in this action is not arbitrable, they nevertheless ask this court to stay proceedings until the related arbitration is complete.

The court has the inherent power to control its docket and calendar and may, in the exercise of its sound discretion, stay an action pending resolution of independent proceedings that bear upon the case if it is "efficient for its own docket and the fairest course for the parties." *Mediterranean Enterprises, Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983); *Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979); *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). "This rule applies whether the separate proceedings are judicial, administrative, or arbitral in character, and does not require that the issues in such proceedings are necessarily controlling of the action before the court." *Mediterranean Enterprises*, 708 F.2d at 1465.

In deciding whether to stay an action, "the competing interests which will be affected by the granting or refusal to grant a stay must be weighed," including "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX*, 300 F.2d at 268.

The claims in the pending arbitration arise from the same facts and circumstances underlying this case and are thus closely

related to the plaintiff's claim in this action. The arbitrator's conclusions may therefore be useful, if not dispositive, of issues in this action. *See Clark v. Bear Stearns & Co.*, 966 F.2d 1318, 1321 (9th Cir. 1992) ("An arbitration decision can have res judicata or collateral estoppel effect. . . ."). The arbitration will begin in less than three months, and plaintiff has not identified what prejudice, if any, such a brief stay of this action might cause. The court likewise can ascertain no significant prejudice, particularly in light of the fact the plaintiff waited more than eighteen months after filing his underlying state court complaint to initiate the instant action, and once having filed this action, waited several more months before seeking waivers of service from the defendants. Accordingly, given the similarity of issues in both proceedings and the minimal, if any, prejudice to the plaintiff of a brief stay, the court concludes, in the exercise of its sound discretion, that a stay would be appropriate in this matter.

In accordance with the foregoing, the defendants' motion to stay (ECF No. 13) is GRANTED. This action is therefore STAYED pending completion of the related arbitral proceeding or until further order of the court.

IT IS SO ORDERED.

DATED: this 3rd day of November, 2021.

_____
UNITED STATES DISTRICT JUDGE