JOSHUA A. SLIKER, ESQ.
Nevada Bar No. 12493
**JACKSON LEWIS P.C.**
300 South Fourth Street, Suite 900
Las Vegas, Nevada 89101
Telephone: (702) 921-2460
Facsimile: (702) 921-2461
Email: joshua.sliker@jacksonlewis.com

*Attorneys for Defendant*
*Tesla Motors, Inc.*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| LYNN THOMPSON,<br><br>Plaintiff,<br><br>vs.<br><br>TESLA MOTORS, INC.; ONQGLOBAL, INC.; DOES 1-50,<br><br>Defendants. | Case No. 3:21-cv-00238-HDM-CSD<br><br>**ORDER GRANTING**<br>**DEFENDANT TESLA MOTORS, INC.'S MOTION TO EXTEND DEADLINE TO FILE RESPONSE TO PLAINTIFF'S COMPLAINT**<br>            **(THIRD REQUEST)** |

Defendant TESLA MOTORS, INC. ("Tesla"), by and through its counsel Jackson Lewis P.C., hereby brings the instant Motion to Extend the Deadline to File Answer or Otherwise Respond to Plaintiff's Complaint, by four (4) days, up to and including Friday, **June 3, 2022**, in which to file a response to Plaintiff's Complaint. This Motion is submitted and based upon the following:

1. This is the third request for an extension of time for Tesla to file its answer or otherwise respond to Plaintiff's Complaint (ECF No. 1). Defendant's response to Plaintiff's Complaint is due on Monday, May 30, 2022, a public holiday and therefore, non-judicial day.

2. The Court previously stayed the case pending the completion of arbitration. ECF No. 22. Following the completion of arbitration, the stay was lifted on April 27, 2022. ECF No. 31.

3. On May 16, 2022, the Court held a status conference, established discovery deadlines and set the deadline for the Defendants to file their respective responses to Plaintiff's Complaint for May 30, 2022. ECF No. 38. Tesla's counsel, in requesting the May 30th deadline, accidently overlooked that that day was Memorial Day, a non-judicial day.

4. Nev. R. Civ. P. 6(b)(1) provides that when an act must be done within a specified

time, the Court "may, for good cause, extend the time . . . with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires . . . ."[1] "Good cause" is not a rigorous or high standard, and courts have construed the test broadly. *Ahanchion v. Kenan Pictures*, 624 F.3d 1253 (9th Cir. 2010). Rule 6(b) "[is] to be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits." *Rodgers v. Watt*, 722 F.2d 456, 459 (9th Cir. 1983); *Wong v. Regents of the Univ. of Calif.*, 410 F.3d 1052, 1060 (9th Cir. 2005) ("Of course, courts should not mindlessly enforce deadlines."). Indeed, the "good cause" standard "primarily considers the diligence of the party seeking the amendment." *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013). In general, an application for extension of time under Rule 6(b)(1)(A) will be granted in the absence of bad faith. *Ahanchion*, 624 F.3d at 1259 (quoting 4B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1165 (3d ed. 2004)) (internal quotations omitted).

5. Here, good cause exists for the extension. Counsel has been diligently working to prepare Tesla's response, but due to the holiday and associated closure of the undersigned counsel's office and that of Tesla's representative, counsel requires additional time to confer with Tesla and finalize Tesla's response to Plaintiff's Complaint.

6. Defendant brings the instant motion before the deadline to respond has expired and thus within the requirements of Nev. R. Civ. P. 6(b)(1). *See Ahanchian*, 624 F.3d at 1259 (requests for extensions of time made before the applicable deadline has passed should generally be granted in the absence of bad faith or prejudice to adverse party). Indeed, ordinarily, a deadline falling on a non-judicial day would simply move to the next judicial day. However, given that the Court's order specifically indicates a due date of May 30th, Tesla files this motion out of an abundance of caution.

7. Based on the foregoing reasons, a short additional amount of time is necessary for Defendant to finalize its response.

---

[1] Nev. R. Civ. P. 6(b)(1) is identical to Fed. R. Civ. P. 6(b)(1). *See* 2019 Adv. Comm. Cmts. to Nev. R. Civ. P. 6 (noting Rule 6(b) borrows from federal rule counterpart). Given the limited Nevada authority regarding good cause under Nev. R. Civ. P. 6(b), Defendants also draw on decisions interpreting the federal rule counterpart. *See Nutton v. Sunset Station, Inc.*, 131 Nev. 279, 285, 357 P.3d 966, 970 (Ct. App. 2015) ("Where the Nevada Rules of Civil Procedure parallel the Federal Rules of Civil Procedure, rulings of federal courts interpreting and applying the federal rules are persuasive authority for this court in applying the Nevada Rules.") (citing *Exec. Mgmt, Ltd. v. Ticor Title Ins. Co.*, 118 Nev. 46, 53, 38 P.3d 872, 876 (2002)).

JACKSON LEWIS P.C
LAS VEGAS

2

8. Accordingly, Defendant respectfully requests the Court to enter an order extending the time in which to answer or otherwise respond to Plaintiff's Complaint by four (4) days, up to and including **June 3, 2022.**

9. Further, this request for an extension of time to file Defendant's answer or otherwise response to Plaintiff's Complaint is made in good faith and not for the purpose of delay, and Defendant does not intend to waive any claim or defense in making this Motion.

DATED this 30th day of May, 2022.

JACKSON LEWIS P.C.

*/s/ Joshua A. Sliker*
JOSHUA A. SLIKER, ESQ.
Nevada Bar No. 12493
300 S. Fourth Street, Ste. 900
Las Vegas, Nevada 89101

*Attorneys for Defendant*
*Tesla Motors, Inc.*

### ORDER

IT IS SO ORDERED:

_____
United States Magistrate Judge

Dated: May 31, 2022