JOSHUA A. SLIKER, ESQ.
Nevada Bar No. 12493
KYLE A. HOYT, ESQ.
Nevada Bar No. 14886
**JACKSON LEWIS P.C.**
300 S. Fourth Street, Suite 900
Las Vegas, Nevada 89101
Telephone: (702) 921-2460
Facsimile: (702) 921-2461
Email: joshua.sliker@jacksonlewis.com
Email: kyle.hoyt@jacksonlewis.com

*Attorneys for Defendant*
*Tesla Motors, Inc.*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| LYNN THOMPSON, | Case No. 3:21-cv-00238-HDM-CSD |
| Plaintiff, | **DEFENDANT TESLA MOTORS, INC.'S MOTION TO STAY DISCOVERY PENDING DECISION ON MOTION TO DISMISS** |
| vs. | |
| TESLA MOTORS, INC.; ONQGLOBAL, INC.; DOES 1-50, | |
| Defendants. | |

Defendant TESLA MOTORS, INC., by and through its counsel Jackson Lewis P.C., hereby files its Motion to Stay Discovery Pending Decision on Motion to Dismiss (ECF No. 44). This Motion is based on the following Memorandum of Points and Authorities, all pleadings and documents on file with the Court, and any oral argument that the Court deems proper.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.  INTRODUCTION

Plaintiff Lynn Thompson ("Thompson" or "Plaintiff") asserts a single claim of retaliation in violation of the Sarbanes Oxley Act ("SOX") following a stint as an Electrical Superintendent contractor with Defendant OnQGlobal ("OnQ") in which he was contracted to work for Tesla Motors, Inc. ("Tesla"). *See generally, compl.* The court should stay discovery in this case because Tesla's filed Motion to Dismiss (ECF No. 44) is a dispositive motion that is likely to be granted

under statute of limitations grounds, and does not require any discovery for review. Similarly, Defendant OnQ has also filed a Motion to Dismiss (ECF No. 42) which if granted, would completely bar Plaintiff's claims against it. As a "preliminary peek" of Tesla's Motion to Dismiss will show, Plaintiff's SOX claim is time-barred because he filed his complaint with the Occupational Health and Safety Administration ("OSHA") outside the limitations period following his June 7, 2018 report of copper wire theft to law enforcement and same-day notification not to return to the site. Moreover, Tesla has already been burdened with Plaintiff's action filed in the Second Judicial District Court, State of Nevada which later went into arbitration (the "Arbitration") and resolved in favor of Tesla on all claims, including a determination that Plaintiff was not terminated for making complaints of copper wire theft – the central claim in this litigation. As such, Rule 1's principles of fairness and justice compel a stay of discovery pending resolution of the Motion to Dismiss.

## II.     BACKGROUND

Plaintiff initiated this action on May 21, 2021. ECF No. 1. On October 1, 2021, Tesla filed a Motion to Stay this case pending completion of arbitration stemming from Thompson's complaint filed in Nevada's state court system and related Arbitration. ECF No. 13. After full briefing on the Motion to Stay, the court ordered a stay on November 3, 2021. ECF No. 22. On April 4, 2022, the court ordered the parties to submit a status report and whether the stay should be lifted. ECF No. 24. Following the filing of status reports from Tesla, which OnQ joined, and Plaintiff, the court issued an order lifting the stay. ECF No. 31. Tesla filed its Motion to Dismiss Plaintiff's Complaint on June 3, 2022. ECF No. 44.[1] The Motion is based on Thompson's failure to file a timely file a complaint with OSHA, which sets a procedural bar to Plaintiff's sole claim for relief.

## III.     LEGAL ARGUMENT

### A.  The Court Should Stay Discovery Pending Determination of Defendant's Motion.

"Courts have broad discretionary power to control discovery." *Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013) (citing *Little v. City of Seattle*, 863 F.2d 681, 685 (9th

---

[1] For the sake of brevity, Tesla incorporates the factual background of the Motion to Dismiss to the extent it is useful to the court's review of the instant Motion to Stay Discovery. ECF No. 44, 1:22-6:18. In doing so, Tesla does not admit any of the facts alleged in the Plaintiff's Complaint.

Cir. 1988)). There is no automatic or blanket stay simply for the filing of a dispositive motion. *Id.* (quoting *Tradebay, LLC v. eBAy, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011)). However, "motions to stay discovery may be granted when: "(1) the pending motion is potentially dispositive; (2) the potentially dispositive motion can be decided without additional discovery; and (3) the Court has taken a 'preliminary peek' at the merits of the potentially dispositive motion and is convinced that the plaintiff will be unable to state a claim for relief." *Id.* Moreover, when deciding whether to grant a stay of discovery, a court is guided by the objectives of Federal Rule of Civil Procedure 1 that ensures a "just, speedy, and inexpensive determination of every action." *Id.* (additional internal citation omitted). Courts evaluating the propriety of a stay have cautioned against the use of resources that may be rendered unnecessary, noting the simple, but accurate principle: "Discovery is expensive." *Tradebay*, 278 F.R.D. at 601 (D. Nev. 2011). The Court weighs the expense of discovery against "the underlying principle that a stay of discovery should only be ordered if the court is 'convinced' that a plaintiff will be unable to state a claim for relief." *Id.* at 603. A magistrate judge may take a "preliminary peek" at the pending dispositive motion, without prejudging its outcome, to evaluate the propriety of an order staying . . discovery with the goal of accomplishing the objectives of [Fed. R. Civ. P.] 1." *Id.* The "standard [for staying discovery] is not easily met." *Kor Media Group*, 294 F.R.D. at 583. Discovery should not be delayed simply because a non-frivolous dispositive motion has been filed, but upon showing that discovery "is a waste of effort." *Id.*

A motion to stay discovery at the motion to dismiss stage is different from at the summary judgment stage. *See United States CFTC v. Banc de Binary, Ltd.*, 2015 U.S. Dist. LEXIS 5789, at *5-6 (D. Nev. Jan. 15, 2015). Because a decision at the motion to dismiss stage generally cannot look outside the pleadings, "a discovery stay pending a motion to dismiss may result in 'the just, speedy, and inexpensive determination of [an] action' because discovery is costly and unnecessary to adjudicate a merited motion to dismiss." *Id.* at *6 (quoting FRCP 1).

A "preliminary peek" at Tesla's Motions to Dismiss demonstrates that Plaintiff likely cannot maintain his action. Plaintiff alleges he was terminated on June 7, 2018 after reporting a

copper wire theft internally to security and then providing a witness statement to the Storey County Sheriff's Office. Although he was on notice of a claim of retaliation at various points between April 2018 and June 7, 2018, because he claims Tesla managers threatened him with termination if he continued to investigate and report theft, leading him to fear making reports, there can be no dispute that Plaintiff's claim accrued by June 7, 2018, when he was allegedly instructed not to return to the Gigafactory site. Despite the statutory requirement that he make a complaint to OSHA within 180-days of June 7, 2018, Plaintiff failed to do so on a timely basis. As a result, his claim is barred.

As such, justice strongly favors postponing discovery while the dispositive motion is pending, in light of the substantial legal challenge to Plaintiff's Complaint (ECF No. 1). Additionally, Tesla's Motion to Dismiss (ECF No. 44) is likely dispositive of Plaintiff's sole claim asserted against it and no discovery is necessary for the court to reach a decision. Therefore, this Court should stay discovery.

### 1. Defendant's Motion is Potentially Dispositive.

A stay is warranted because Defendant's Motion to Dismiss is potentially dispositive of the case. Plaintiff attempts to assert a single claim for violations of the Sarbanes Oxley Act 18 USC § 1514A, which prevents retaliation to qualifying whistleblowers. Defendant has moved to dismiss Plaintiff's claim pursuant to FRCP 12(b)(6) for failure to state a legally cognizable claim as it is time-barred. If the court grants the Motion to Dismiss, the case against Tesla would be terminated. As such, the first prong is satisfied and weights in favor of a stay of discovery. *See Tradebay*, 278 F.R.D. at 608.

### 2. Defendant's Motion Can Be Decided Without Additional Discovery.

Defendant's pending dispositive Motion to Dismiss is based on Federal Rule of Civil Procedure 12(b)(6), which itself incorporates the principle that no further discovery is required to decide the Motion. That is, when "considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court asks only whether the pleadings are sufficient to establish a claim, ***not whether the Plaintiff could find evidence to support the pleadings***." *Tracy v. United States*, 243 F.R.D. 662, 664 (D. Nev. 2007) (emphasis added) (citing *Lee v. City of Los Angeles*, 250 F.3d 668,

688 (9th Cir. 2001)). As a court in this district noted, "a discovery stay pending a motion to dismiss may result in 'the just, speedy, and inexpensive determination of [an] action' because discovery is costly and unnecessary to adjudicate a merited motion to dismiss." *United States CFTC v. Banc de Binary, Ltd.*, No. 2:13-cv-992-MMD-VCF, 2015 U.S. Dist. LEXIS 5789, at *6 (D. Nev. Jan. 15, 2015). Accordingly, the second prong is also satisfied and warrants granting a stay of discovery.

### 3. A "Preliminary Peek" at the Merits of Defendants' Motions to Dismiss Warrants Granting of a Stay.

When reviewing a motion to stay discovery, courts in the District of Nevada have explained what must be evaluated. In *Tradebay*, the Court stated:

> [T]his court's "preliminary peek" at the merits of the underlying motion is not intended to prejudge its outcome. Rather, this court's role is to evaluate the propriety of an order staying or limiting discovery with the goal of accomplishing the objectives of [FRCP] 1. With Rule 1 as its prime directive, this court must decide whether it is more just to speed the parties along in discovery and other proceedings while a dispositive motion is pending, or whether it is more just to delay or limit discovery and other proceedings to accomplish the inexpensive determination of the case.

278 F.R.D. at 601.

A discovery stay may be entered if the court is convinced the plaintiff does not have a claim for relief. *See id.* (quoting *Tradebay*, 278 F.R.D. at 603) (additional citations omitted). Discovery should not be delayed simply because a non-frivolous dispositive motion has been filed, but upon showing that discovery "is a waste of effort." *Id.* A motion to stay discovery at the motion to dismiss stage differs from one brought at the summary judgment stage. *See United States CFTC*, 2015 U.S. Dist. LEXIS 5789, at *5-6. Because a decision at the motion to dismiss stage generally cannot look outside the pleadings, "a discovery stay pending a motion to dismiss may result in 'the just, speedy, and inexpensive determination of [an] action' because discovery is costly and unnecessary to adjudicate a merited motion to dismiss." *Id.* at *6 (quoting FRCP 1).

Here, without rehashing Defendant's Motion to Dismiss, Plaintiff is barred from recovery because he made an untimely complaint to OSHA. ECF No. 44, 7:22-12:2. SOX requires that a plaintiff file a complaint with OSHA within 180 days after a violation of the act has occurred. 18

USC § 1514A(b)(2)(D). Plaintiff alleges that sometime after he began reporting copper wire theft beginning in April of 2018, he was threatened by Tesla management to stop investigating, or he would be terminated. Although Plaintiff artfully avoids giving a date to this alleged "threat," the statute of limitations for a violation of SOX would have begun then because Plaintiff was on notice of a prima facie claim of retaliation. *See Coppinger-Martin v. Solis*, 627 F.3d 745, 749 (9th Cir. 2010) (citations omitted). However, even when taking the date of June 7, 2018 – when plaintiff alleges Tesla instructed him not to return to the Gigafactory site several hours after a complaint of copper wire theft to law enforcement – his complaint to OSHA remains untimely by one day. It was submitted 181 days after June 7, 2018. As such, his claim is time-barred. *Dig. Realty Trust, Inc. v. Somers*, 138 S. Ct. 767, 776 (2018). Although plaintiff alleges that he did not learn of Tesla's alleged motive in terminating him until after June 7, 2018, the 180-day time period is not tolled because proving discriminatory motive is not part of his prima facie retaliation claim. *Coppinger-Martin* 627 F.3d at 750.

Plaintiff's claim is also barred by the doctrine of collateral estoppel if the Court grants Tesla's Motion to Confirm the Arbitration Award. ECF No. 44, 12:25-16:17. This is because the issue at stake in this case is whether Tesla terminated its relationship with Plaintiff "because of his reporting of misconduct and theft to his TESLA supervisors, his ONQ supervisor, and the County Sheriff." ECF No. 1, ¶ 38. That is identical to the central issue that was at stake in the arbitration proceedings—why Plaintiff's relationship with Tesla ended. Ex. 3. Indeed, it was the foundation for virtually all of his claims in the arbitration proceeding. *Id.* at ¶ 22; ¶ 25 (alleging Tesla pressured OnQ not to allow Thompson to work at the Gigafactory because of his reports of theft); ¶¶ 31-35; ¶¶ 45-48; and ¶¶ 74-77; *see Feldman-Boland v. Stanley*, No. 15cv6698, 2016 U.S. Dist. LEXIS 90994, at *7 (S.D.N.Y. July 13, 2016) ("The underlying claims need not be identical for collateral estoppel to apply.").

Further, Plaintiff's claim fails as a matter of law because he was not Tesla's employee which is necessary for him to avail himself of SOX's protections. ECF No. 44, 16:17-20:28; *See Day v. Staples, Inc*., 555 F.3d 42, 52 (1st Cir. 2009); *Welch v. Chao*, 536 F.3d 269, 275 (4th Cir. 2008).

Additionally, Plaintiff's claim fails because he did not engage in protected activity that relates to shareholder fraud. ECF No. 44, 21:1-19. To constitute protected activity under SOX, an "employee's communications must definitively and specifically relate to [one] of the listed categories of fraud or securities violations under 18 U.S.C. § 1514A(a)(1)." *Van Asdale*, 577 F.3d at 996-97 (quoting *Platone v. FLYi, Inc.*, 25 I.E.R. Cas. (BNA) 278, 287 (U.S. Dept. of Labor Sept. 29, 2006)[2]); "The employee must show that his communications to the employer specifically related to one of the laws listed in § 1514A." *Id.* at 997 (quoting *Day v. Staples, Inc.*, 555 F.3d 42, 55 (1st Cir. 2009)); *see also Austin v. Tesla, Inc.*, No. 20-cv-00800-EMC, 2021 U.S. Dist. LEXIS 244414, at *16 (N.D. Cal. Jan. 26, 2021) ("An employee engages in protected activity when the employee's communications definitively and specifically relate to mail fraud[3], wire fraud[4], bank fraud[5], securities fraud[6], any rule or regulation of the Securities and Exchange Commission, or any provision of federal law relating to fraud against shareholders."). "As several courts have observed, the employee's allegations of wrongdoing must resemble shareholder fraud." *Andaya v. Atlas Air, Inc.*, 2012 U.S. Dist. LEXIS 78654, at *10 (S.D.N.Y. Apr. 30, 2012) (citing *Day* 555 F.3d at 55; *Van Asdale*, 577 F.3d at 1001); *see also Livingston v. Wyeth Inc.*, 2006 U.S. Dist. LEXIS 52978, at *29, 2006 WL 2129794 (M.D.N.C. July 28, 2006) ("To be protected under Sarbanes-Oxley, an employee's disclosures must be related to illegal activity that, at its core, involves shareholder fraud.").

---

[2] Following the Ninth Circuit's decision in *Van Asdale*, the Department of Labor Administrative Review Board abrogated *Platone*. *See Nazif v. Coomputer Scis. Corp.*, 2015 U.S. Dist. LEXIS 78673, at *17-19, n. 5 (N.D. Cal., June 17, 2015). However, the Ninth Circuit has not overruled *Van Asdale*, and thus continues to apply the "definitively and specifically" test adopted in *Platone*.

[3] The elements of wire or mail fraud are: (1) formation of a scheme or artifice to defraud; (2) use of the United States mails or wires, or causing such a use, in furtherance of the scheme; and (3) specific intent to deceive or defraud. *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 557 (9th Cir. 2010) (citing 18 U.S.C. §§ 1341, 1343).

[4] *Id.*

[5] Bank fraud entails "knowingly execut[ing] . . . a scheme or artifice . . . to defraud a financial institution." 18 U.S.C. § 1344. A scheme to defraud "must be one to deceive the bank and deprive it of something of value," that is, money or property. *United States v. Yates*, 16 F.4th 256, 264 (9th Cir. 2021) (quoting *Shaw v. United States*, 137 S. Ct. 462, 469, 196 L. Ed. 2d 372 (2016)).

[6] Securities fraud requires proof that the defendant (1) "knowingly executed or attempted to execute a scheme or plan to defraud or a scheme or plan for obtaining money or property by means of false or fraudulent pretenses, representations, or promises"; (2) "the statements made or facts omitted as part of the scheme were material"; (3) defendant "acted with the intent to defraud"; and (4) "the scheme was in connection with the purchase or sale of securities of [the publicly traded] company." *United States v. Hussain*, 972 F.3d 1138, 1146 (9th Cir. 2020)

1
2
3
4
5
6
7
8
9

Yet, here, Thompson's allegations do not directly relate to shareholder fraud or a violation of the SOX Act. He alleges ordinary allegations of property theft on a construction project. This is not wire fraud, mail fraud, bank fraud, or securities fraud. A claim of ordinary theft is not directly involved in Tesla's business of designing and manufacturing vehicles but is instead part of a facilities construction project where thefts of site materials can be commonplace. This would be a trivial matter to Tesla's business and shareholders and is not serious enough to merit protection of SOX. Thompson's claim should be recognized for what it is—an ordinary claim of retaliation/wrongful termination pled under the guise of SOX whistleblower protection. Plaintiff simply seeks to take SOX and turn it into a general retaliation statute.

10
11
12
13
14
15
16
17
18
19
20
21
22
23

Moreover, Plaintiff's SOX claim is likely maintained only for settlement value. This presents a valid basis to stay discovery pending resolution of the Motion to Dismiss. *Kor Media Group*, 294 F.R.D. at 583 (quoting *Turner Broadcasting*, 175 F.R.D. at 556). Plaintiff filed numerous claims in the Nevada's Second Judicial District which later went to arbitration via JAMS and resolved in favor of Tesla on a motion to dismiss and later motion for summary disposition. The bulk of Plaintiff's claims have already been resolved and all that remains now is a questionable claim of a time-barred SOX retaliation violation. Plaintiff now has the benefit of extensive and costly discovery as a result of the arbitration and is more aware now of the actual timeline of events that would bar his claim. Plaintiff also knows that discovery would be a costly process for Tesla, which involved thousands of documents and ESI production as well as depositions of multiple witnesses who interacted with Plaintiff, some of whom are identified in his complaint including Gustavo Herrera, Josh Brotnisky, and Jack Griffin. If the parties are going to have to engage in repeating such extensive discovery, the principles of Rule 1 are served by staying discovery until the Court has ruled on Defendant's Motions to Dismiss.

24
25
26

Under the rationale expressed in *Kor Media Group* and *Tradebay* above, there is absolutely no reason to "speed the parties along in discovery." Rather, this is a case where it is certainly more just and sensible to delay discovery to accomplish the inexpensive determination of the case.

27    / / /

28    / / /

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

IV.   <u>**CONCLUSION**</u>

For the foregoing reasons, Tesla Motors, Inc. respectfully requests the Court grant its Motion and stay discovery pending the decision on its Motion to Dismiss.

DATED this 3rd day of June, 2022.

JACKSON LEWIS P.C.

/s/ Joshua A. Sliker
JOSHUA A. SLIKER, ESQ.
Nevada Bar No. 12493
KYLE A. HOYT, ESQ.
Nevada Bar No. 14886
300 S. Fourth Street, Suite 900
Las Vegas, Nevada 89101

*Attorneys for Defendant*
*Tesla Motors, Inc.*

JACKSON LEWIS P.C
LAS VEGAS

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### CERTIFICATE OF SERVICE

I hereby certify that I am an employee of Jackson Lewis P.C. and that on this 3rd day of June, 2022, I caused to be served a true and correct copy of the above and foregoing **DEFENDANT TESLA MOTORS, INC.'S MOTION TO STAY DISCOVERY PENDING DECISION ON MOTION TO DISMISS**, via the U.S. District Court, District of Nevada's CM/ECF electronic filing and service system, to:

Daniel R. Watkins
WATKINS & LETOFSKY, LLP
8935 S. Pecos Road, Ste. 22A
Henderson, Nevada 89074
dw@wl-llp.com

Jenny L. Foley
HKM EMPLOYMENT ATTORNEYS LLP
101 Convention Center Drive
Suite 600
Las Vegas, Nevada 89109
jfoley@hkm.com

*Attorneys for Plaintiff*
*Lynn Thompson*

Sean Hood
Shannon S. Pierce
Wade Beavers
FENNEMORE CRAIG, P.C.
9275 W. Russel Road
Suite 240
Las Vegas, Nevada 89148
shood@fennemorelaw.com
spierce@fennemorelaw.com
wbeavers@fennemorelaw.com

*Attorneys for Defendant*
*OnQGlobal, Inc.*

/s/ Joshua A. Sliker
Employee of Jackson Lewis P.C.