KATHLEEN BLISS, ESQ.
Nevada Bar No. 7606
kb@kathleenblisslaw.com
KATHLEEN BLISS LAW, PLLC
170 South Green Valley Parkway
Suite 300
Henderson, Nevada 89012
Telephone: (702) 318-7375

MILAN CHATTERJEE, ESQ.
Nevada Bar No. 15159
Milan@MilansLegal.com
MILAN'S LEGAL
3172 N. Rainbow Blvd, #1406
Las Vegas, NV 89108
Telephone: (702) 381-2875

*Attorneys for Lynn Thompson*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| LYNN THOMPSON, | Case No.: 3:21-cv-00238-HDM-CSD |
| Plaintiff, | |
| vs. | **STIPULATED PROTECTIVE ORDER** |
| TESLA MOTORS, INC; ONQGLOBAL, INC.; DOES 1-15, | |
| Defendants. | |

Pursuant to Fed.R.Civ.P. 26(c) and The Health Insurance Portability and Accountability Act of 1996 (HIPAA), Public Law 104-191, the parties herein, Plaintiff Lynn Thompson and Defendants Tesla Motors, Inc. ("Tesla"), OnQGlobal, Inc. ("OnQ"), by and through their respective counsel of record, hereby stipulate to a protective order covering the disclosure of confidential, proprietary, or private information and materials requiring special protection from disclosure to and use by the public and unauthorized third parties. Accordingly, the Parties hereby stipulate and agree that the handling of such information and materials in these proceedings shall be governed by the provisions set forth below.

1

## I.   APPLICATION

This Protective Order shall govern the designation and handling of "Confidential Information" and "Attorneys' Eyes-Only Information" (defined below) produced in this case, whether by voluntary production or disclosure or in response to any formal discovery procedure, including designation and handling of nonpublic information of a confidential nature. This Protective Order does not affect any party's obligations to produce documents as required by the rules of discovery or an order of the Court. The purpose of this Protective Order is to facilitate the handling of nonpublic information of a confidential, private, or proprietary nature. If material is otherwise already part of the public record as of the entry of this Protective Order, the material in question will not be subject to this Protective Order. The mere filing or production of material containing "Confidential" or "Attorneys' Eyes Only" by the non-designating party does not remove the material from the protection of this Protective Order.

## II.   DEFINITIONS

**A. "Confidential Information"** means information or an item, in any form, whether tangible or intangible, that in good faith: (1) is designated as such by the producing party, and (2) that, as claimed by the producing party, (a) contains non-public personal information of a party or non-party (including, but not limited to, address, telephone number, email address, birth date, social security number, employment records, medical information, financial and banking information, etc.); (b) contains non-public business, commercial, or proprietary information of a party or non-party (including, but not limited to, personnel information, investigatory information, strategies, trade secrets, etc.); (c) non-public communications with law enforcement and government agencies or their agents or designees; (d) is subject to an agreement, obligation, or duty of confidentiality, nondisclosure, or similar protection; (e) is subject to a protective or similar order; or (f) is confidential, private, privileged or otherwise protected under applicable law (e.g., statute, regulation, ordinance, rule, policy, opinion, or case), or governmental policy, opinion, guidance or interpretation.

**B. "Attorneys' Eyes-Only Information"** is a subset of Confidential Information that in good faith: (1) is designated as such by the producing party, and (2) that, as claimed by the producing

1  party, contains highly sensitive, or proprietary information the disclosure of which would create a
2  substantial risk of serious harm to a party or non-party that could not be avoided by less restrictive
3  means than designation as "Attorneys' Eyes Only" including, but not limited to, (a) medical records
4  and healthcare information; (b) information which cannot otherwise be redacted; (c) surveillance
5  information, including, but not limited to policies, practices, and procedures, location of cameras,
6  methods of recording, video footage and reports; (d) investigative methods; or (e) trade secrets. All
7  references herein to "Confidential" information includes "Attorneys' Eyes Only," except where the
8  permissible disclosure or dissemination of "Attorneys' Eyes Only" information is more limited than
9  permissible disclosure or dissemination of "Confidential" information.

10  **C. "Disclosed"** is used in its broadest sense and includes, inter alia, directly, or indirectly
11  shown, divulged, revealed, produced, described, transmitted, or otherwise communicated, in whole,
12  or in part.

13  **D. "Discovery Material(s)"** means any documents, electronically stored information,
14  responses to written discovery, deposition testimony, transcripts and exhibits, responses to
15  subpoenas, requests for information and/or written information, whether produced voluntarily or
16  involuntarily, or other disclosure or production in response to a discovery request in this litigation
17  by any party.

18  **E. "Document"** is defined as the term is used in Federal Rule of Civil Procedure 34.

19  **III. TYPES OF MATERIALS THAT MAY BE DESIGNATED AS CONFIDENTIAL**

20  Any Discovery Material or other documents, information, or materials may be designated by
21  a producing party or non-party as Confidential under this Order. The assertion of this designation of
22  "Confidential" shall constitute a representation to the Court that counsel (or producing person, in the
23  case of a non-party) for the producing party or non-party believes in good faith that the material so
24  designated constitutes Confidential Information as defined in this Order. To the extent practicable,
25  only those parts of Discovery Materials that require protection shall be designated as Confidential
26  or Attorneys' Eyes Only. Mass, indiscriminate, or blanket designations are prohibited. Unjustified
27  designations may expose the designating party to sanctions, which could include, without limitation,
28  the award of attorneys' fees and costs, and the striking of confidential designations. If a designating

party later learns that information it designated as confidential does not qualify for protection, then the party must promptly notify all Parties that it is withdrawing the mistaken designation.

## IV. DESIGNATION OF DISCOVERY MATERIALS AS CONFIDENTIAL

**A. Marking Protected Documents.**

1. Protected documents shall be designated as containing Confidential Information by affixing to them the legend "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" in all caps, at least 10-point bold font, in a location that makes the designation readily apparent, preferably in the lower left-hand corner. The fact that a document is stamped "Confidential" or "Attorneys' Eyes Only" by one party shall not be construed as an admission by any other party that such document is Confidential Information, nor shall it limit or preclude the right of any party to object to the designation and to file any appropriate motion(s) to determine the propriety of such designation.

2. A party designating documents as "Attorneys' Eyes Only" shall prepare and serve on the other parties hereto a log that identifies each designated document by bates stamp or other unique identifier and specifies how the disclosure of the document "would create a substantial risk of serious harm that could not be avoided by less restrictive means" within seven (7) days after such designation.

3. If the producing party inadvertently fails to stamp or otherwise appropriately designate or list certain documents, material, or information as "Confidential" or "Attorneys' Eyes Only" upon their production or disclosure, such inadvertent failure to designate shall not constitute nor be deemed a waiver of a subsequent claim of protected treatment under this Order.

**B. Designating Testimony.**

1. Any party may designate testimony as "Confidential Information" by making a statement to that effect on the record at the deposition or other proceeding or within ten (10) days after receipt of the transcript of deposition or other proceeding by counsel. When Confidential Information is designated on the record at a deposition or other proceeding, the party claiming the testimony is Confidential Information shall make arrangements with the court reporter taking and transcribing such proceeding to label each page containing the testimony with the designation "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" and all counsel and parties shall treat pages

of testimony so designated as a protected document and the testimony itself as Confidential Information.

2. If Confidential Information is discussed, disclosed, revealed, or used at a deposition, then only the deponent/witness, counsel for the parties and the deponent, the court reporters, the Parties, any translators, the videographers, and any other Permissible Recipient shall be present for that portion of the deposition. Parties shall endeavor to give reasonable advance notice if they expect a deposition will cover Confidential Information so that the other Parties can ensure only authorized individuals are present when such material is disclosed or used.

3. The terms of this Stipulated Protective Order apply to a non-party witness and their counsel who are not otherwise a Permissible Recipient (an "Outside Witness"). Prior to the testimony of any Outside Witness, the party noticing the deposition or otherwise causing the testimony to be taken shall serve a copy of this Order on the Outside Witness or their counsel, if any, by email or other appropriate means. A copy of this Order shall also be entered into the deposition/testimonial record as an exhibit by the noticing party at the commencement of the testimony. Failure of the Outside Witness or their counsel to seek relief from the Court prior to the commencement of the Outside Witness's testimony, or proceeding with the testimony, shall operate as the Outside Witness's and their counsel's agreement to be bound by and comply with the terms of this Order.

**C. Subsequent Designation.**

If a party discovers that material or documents containing Confidential Information have been provided to the opposing party without being properly designated under this Protective Order, that party shall promptly notify the receiving party in writing of the same. The notification shall include an identification of the documents or information (by bates stamp number or some other specific form of identification), and the receiving party shall affix a stamp identifying each document or item of information so identified as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" within ten (10) days unless the parties agree that some other procedure for remedying the inadvertence is more appropriate under the circumstances. A Party's inadvertent failure to designate

Discovery Materials as confidential shall not, on its own, waive the Party's right to designate the Discovery Materials as confidential in the future.

## V. PERMISSIBLE USE OF "CONFIDENTIAL" INFORMATION, DOCUMENTS, OR MATERIALS

**A. Limited Use.**

1.  All parties and persons who review, possess, obtain, or otherwise have access to Discovery Materials or other documents, information, or materials containing "Confidential Information" or "Attorneys' Eyes Only" information shall not disclose, reveal or discuss such information to or with any person who is not authorized to receive it, except as set forth herein. All Confidential Information disclosed, produced or exchanged in this case shall be used by the party(ies) or person(s) to whom the information is disclosed solely for the purpose of prosecuting or defending the claims and defenses in this case, through and including appeal(s), if any, and not for any other purpose, including, but not limited to, personal, administrative, business, governmental, commercial, judicial, legal proceedings, or private dispute resolution.

2.  If a party or any of its representatives, including counsel, discloses any Confidential Information to persons who are not authorized to use or possess such material, the party shall (a) provide immediate written notice of the disclosure to the party whose Confidential Information was disclosed; (b) use its best efforts to retrieve the Confidential Information and all copies from the unauthorized recipient; (c) inform the unauthorized recipient of the unauthorized disclosure and provide them with a copy of this Protective Order; and (d) use reasonable efforts to have the unauthorized recipient execute Exhibit A. If a party has actual knowledge that Confidential Information is being used or possessed by a person not authorized to use or possess that material, regardless of how the material was disclosed or obtained by such person, the party shall provide immediate written notice of the unauthorized use or possession to the party whose material is being used or possessed. No party shall have an affirmative obligation to inform itself regarding such possible use or possession.

3.  If any person receiving information covered by this Protective Order is: (a) subpoenaed in another action or proceeding; (b) served with a request or demand in another action

to which he, she, or it is a party; or (c) served with any other legal process by one not a party to this action, seeking information designated as "Confidential" or "Attorneys' Eyes Only" pursuant to this Order, the subpoenaed party shall promptly give written notice, by hand or facsimile transmission, within forty-eight (48) hours of receipt of such subpoena, request, demand, or legal process to the party that produced or designated the material as "Confidential" or "Attorneys' Eyes Only." The subpoenaed party or anyone else subject to this Order shall be under no obligation to take any other action or measures to preserve the confidentiality of any such information in connection with such subpoena, request, demand, or legal process. Nothing herein shall be construed as requiring the subpoenaed party or anyone else covered by this Order to challenge or appeal any order requiring production of Confidential Information, to subject itself to any penalties for non-compliance with any legal process or order.

**B. Disclosure of Protected Material.**

    1.    <u>Confidential Information</u>. Notwithstanding Section V.A. above, access to documents stamped "Confidential" shall be limited to the following persons ("Permissible Recipients"):

    a.  <u>Counsel:</u> Counsel for the respective parties to this Protective Order, including in-house counsel and counsel's Support Staff (i.e., paralegals, administrative assistants, and those involved in administration functions), but only to the extent that disclosure to such person(s) is necessary in order for them to assist attorneys in connection with this matter;

    b.  <u>Professional Vendors:</u> Persons or entities, and their employees, that provide litigation support services (e.g., copy services, translation services, document preparation, trial graphics, and tutorials, and organizing, storing or retrieving data), but only to the extent that disclosure to such vendors is necessary in order for them to assist Counsel for a party in connection with this matter, and provided that such vendors have been given a copy of this Protective Order and have manifested their assent to be bound thereby by signing a copy of the agreement attached hereto as Exhibit A before being shown or given any Confidential Information;

    c.  <u>Court Reporters:</u> Court reporters taking testimony and their support personnel,

provided that such persons have been given a copy of this Protective Order and have manifested their assent to be bound thereby by signing a copy of the agreement attached hereto as Exhibit A before being shown or given any Confidential Information.

d. <u>The Parties:</u> Except as provided below in Section V.C., the parties to this Protective Order, including the officers, directors, and agents to the extent counsel for such party deems it necessary for the prosecution or defense of this case.

e. <u>Testifying Witnesses:</u> witnesses, other than parties to this case, providing testimony in this litigation, provided that that such persons have been given a copy of this Protective Order and have manifested their assent to be bound thereby by signing a copy of the agreement attached hereto as Exhibit A before being shown or given any Confidential Information, and provided further that disclosure is limited to Confidential Information about which the witness is or is likely to be examined at a deposition or other proceeding;

f. <u>Consultants and Experts:</u> Independent consultants or experts retained by counsel or a party for assistance with respect to this case, together with each such person's clerical and Support Staff, provided that such persons have been given a copy of this Protective Order and have manifested their assent to be bound thereby by signing a copy of the agreement attached hereto as Exhibit A before being shown or given any Confidential Information, and provided further that if the party retains a consultant or expert who is currently or was at any time in the last five (5) years employed by or otherwise affiliated with Tesla or OnQ or one of their respective competitors, the party shall promptly notify the opposing party before disclosing any Confidential Information to that individual and shall give the opposing party an opportunity to move for a protective order preventing or limiting such disclosure;

g. <u>Authors or Addressees:</u> The persons who are identified as authors or addressees on the face of a document containing Confidential Information, or have been shown by either testimony or documentary evidence to have been recipients or readers of the

          Confidential Information prior to the commencement of the underlying lawsuit, provided that such persons have been given a copy of this Protective Order and have manifested their assent to be bound thereby by signing a copy of the agreement attached hereto as Exhibit A before being shown or given any Confidential Information;

    h. <u>Videographer:</u> The videographer who videotapes Confidential Information at a deposition or hearing in this litigation, provided that such persons have been given a copy of this Protective Order and have manifested their assent to be bound thereby by signing a copy of the agreement attached hereto as Exhibit A before being shown or given any Confidential Information.

    i. Any other persons agreed to in writing by the designating party; and

    j. Other persons as may be ordered by the Court.

  2. **Attorneys' Eyes Only.** Except as provided in this Section V.B.2, "Attorneys' Eyes Only" information may not be disclosed or provided to any party or person, without prior written consent by the designating party or order of the Court. The disclosure of "Attorneys' Eyes Only" Information is limited in the same ways as set forth above for Confidential Information except authorized parties and persons are only permitted to review "Attorneys' Eyes Only" information produced by another party or person, if (a) they agree, in advance, not to use, store, retain, or make copies or summaries (including, but not limited to, photographs or videos) of "Attorneys' Eyes Only" information during or after their review, (b) they are made aware of the provisions of this Protective Order and have manifested their assent to be bound thereby by signing a copy of the agreement attached hereto as Exhibit A before any "Attorneys' Eyes Only" information is disclosed to them; (c) the party disclosing, or intending to do so, "Attorneys' Eyes Only" information to the authorized party or person must take all reasonable measures to prevent misuse and copying of information which may include, by way of example, but is not limited to, monitoring the party or person during their review of the information, preventing the possession and use of electronic devices and writing materials during the review, etc.; and (d) the party disclosing, or intending to do so, "Attorneys' Eyes Only" information to the authorized party or person shall advise the authorized

1  party or person that the "Attorney's Eyes Only" information is being disclosed pursuant to an Order
2  of the Court, that the information may not be disclosed by such authorized person to any person not
3  permitted to have access to the "Attorney's Eyes Only" information pursuant to this Protective
4  Order, and that any violation of this Protective Order may result in the imposition of such sanctions
5  as the Court deems proper. The requirements of this Section V.B.2 do not apply to those persons set
6  forth in Section V.B.1(a), (b), (c), (e), and (i).

7          3.      For each Permissible Recipient who executes Exhibit A, the Party who provided the
8  Confidential Information or Attorneys' Eyes Only information to the Permissible Recipient shall
9  retain a copy of Exhibit A executed by the Permissible Recipient and produce to every other party
10 the signed copy of Exhibit A to all other parties not later than seven (7) days after execution by the
11 Permissible Recipient.

12      **D. Filing Confidential Information with the Court. Confidential Information.** Confidential
13 Information must be filed under seal or redacted from any briefs, pleadings, or other filings made in
14 court. This Order does not automatically authorize any Party to redact Confidential Information or
15 file it under seal; rather, the filing Party must comply with all applicable rules concerning the sealing
16 and redacting of records, which, if applicable, includes filing a motion to seal and obtaining an order
17 sealing the court filing.

18      **E. Disputes as to Confidentiality Designation.**

19         1.      **Meet and Confer Requirement:** The parties agree to designate information as
20 "Confidential" and/or "Attorneys' Eyes Only" on a good faith basis and not for purposes of
21 obstructing the receiving party's access to information concerning the lawsuit. If any party believes
22 that a document, tangible item, or other information that has been designated as "Confidential" or
23 "Attorneys' Eyes Only" is not entitled to be treated as such, the party will notify the designating
24 party of its objection to the "Confidential" or "Attorneys' Eyes Only" designation. The parties shall
25 meet and confer to reach an agreement regarding the confidential status of the document, tangible
26 item or information within seven (7) days after the objecting party has advised the designating party
27 of its objection.

28         2.      **Motion for Protective Order**: If the dispute is not resolved, then the objecting party

may file a motion challenging whether any particular material designated as containing Confidential Information should be afforded confidential treatment. The party designating particular information as confidential under the protective order shall have the burden of proving that the information or document is entitled to such protection.

3. **Status Pending Resolution of Dispute:** Notwithstanding any challenge to the designation of material as containing Confidential Information, the material shall be treated as Confidential and shall be subject to the provisions hereof unless and until one of the following occurs: (i) all parties that claim that the material contains Confidential Information withdraw such designation in writing; or (ii) the Court rules that the material does not contain Confidential Information.

4. **Rights of Parties:** This Protective Order is without prejudice to the right of any party to apply to the Court for any further order relating to any Confidential Information or for an order permitting disclosure of any Confidential Information beyond the terms of this Protective Order.

## VI. MISCELLANEOUS

A. The Parties must maintain and store Confidential Information in a secure manner and must take all reasonable measures to ensure Confidential Information is not disclosed or disseminated to anyone who is not a Permissible Recipient.

B. Not later than thirty (30) days after the conclusion of this case including through any appeal(s), each non-designating or non-disclosing party in the possession of Confidential Information (including Attorneys' Eyes Only information and Confidential Materials) shall (1) return all such Confidential Information to the designating or producing party or person and retain no copies or duplicates, or (2) delete, destroy and purge such Confidential Information, and certify in writing to the designating or producing party or person that the Confidential Information has been deleted, destroyed and purged. For the purposes of this Protective Order, "conclusion of this case" means the date that the parties executed a settlement agreement or other such document terminating this case with prejudice, whichever is later.

C. All provisions of this Protective Order restricting the communication or use of Confidential Information and Attorneys' Eyes-Only information shall survive and continue to be binding after

1  the conclusion of this case, and the Court shall retain continuing jurisdiction to enforce, interpret, or
2  modify this Order. The Parties and Permissible Recipients consent to the authority and jurisdiction
3  of the Court, in Clark County, Nevada, presiding over the lawsuit to enforce this Order and
4  adjudicate or remedy any violations.

    D.  Nothing herein shall be deemed to waive any applicable privilege or work product protection, or to affect the ability of a party to seek relief for an inadvertent disclosure of material protected by privilege or work product protection. Any witness or other person, firm or entity from which discovery is sought may be informed of and may obtain the protection of this Order by written advice to the parties' respective counsel or by oral advice at the time of any deposition or similar proceeding.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

E. Nothing in this Order shall prevent any party or other person from seeking modification of this Order or from objecting to discovery that it believes to be otherwise improper.

DATED this 4th day of December 2023.

| KATHLEEN BLISS LAW, PLLC | JACKSON LEWIS P.C. |
|---|---|
| /s/ Kathleen Bliss | /s/Joshua A. Sliker |
| KATHLEEN BLISS, ESQ. | JOSHUA A. SLIKER, ESQ. |
| Nevada Bar No. 7606 | Nevada Bar No. 12493 |
| 170 S. Green Valley Parkway | 300 S. Fourth Street, Suite 900 |
| Suite 300 | Las Vegas, Nevada 89101 |
| Henderson, Nevada 89012 | |
| | *Attorneys for Defendant Tesla Motors, Inc.* |

MILAN CHATTERJEE, ESQ.
Nevada Bar No. 15159
MILAN'S LEGAL
3172 N. Rainbow Blvd, #1406
Las Vegas, Nevada 89108

*Attorneys for Plaintiff Lynn Thompson*

FENNEMORE CRAIG, P.C.

/s/Wade Beavers
SHANNON S. PIERCE, ESQ.
Nevada Bar No. 12471
WADE BEAVERS, ESQ.
Nevada Bar No. 13451
9275 W. Russel Road, Suite 240
Las Vegas, Nevada 89148

*Attorneys for Defendant OnQGlobal, Inc.*

## ORDER

Paragraph D is modified to reflect that any motion regarding filing confidential information and motions to seal shall comply with LR IA 10-5 and the requirements of *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006). *See also*, *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016).

Paragraph C, Section VI, is modified to reflect that although the parties may agree to be bound by the confidentiality terms of this Order beyond the conclusion of this lawsuit, the dismissal of this action will terminate the jurisdiction of this court.

IT IS SO ORDERED:

_____
UNITED STATES MAGISTRATE JUDGE

Dated: December 5, 2023